UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| DANIEL BARKER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 18-166-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| J. A. BARNHART, Warden of FCI Manchester, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Daniel Barker is presently confined at the Federal Correctional Institution ("FCI")-Manchester, in Manchester, Kentucky. Barker has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges the Bureau of Prisons' ("BOP") calculation of prior custody credits under 18 U.S.C. § 3585(b). [Record No. 1] The matter has been fully briefed and is ripe for review.

**I.**

On September 6, 2009, Barker was arrested by state authorities in Louisville, Kentucky, and charged with burglary, wanton endangerment, and firearms offenses. Barker was sentenced on October 19, 2009, by the Jefferson County Circuit Court to a term of five years imprisonment for second degree burglary. The Kentucky Parole Board approved Barker's parole from his Kentucky sentence on November 23, 2010, although Barker's parole certificate specifies that his parole is not effective until on or after May 18, 2011. [Record No. 8]

On November 1, 2010, and while Barker was in state custody, a federal grand jury sitting in the United States District Court for the Western District of Kentucky indicted Barker

for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e). On June 20, 2011, Barker was sentenced in federal court to a term of imprisonment of 180 months. *United States v. Barker*, No. 3:10-cr-140-TBR-1 (W.D. Ky. 2010).

## II.

Barker's § 2241 petition challenges the BOP's calculation of his prior custody credits under 18 U.S.C. § 3585(b). The sentence computation prepared by the BOP commences Barker's 180-month federal sentence on the date it was imposed (*i.e.*, June 20, 2011). [Record No. 8-1 at p. 6] It awards him prior custody credit for his time spent in custody from May 20, 2011 (the date he was paroled from his Kentucky sentence), through June 19, 2011 (the day before his federal sentence was imposed). [*Id.* at p. 7]

Barker argues that the BOP's computation is incorrect because it fails to give him prior custody credit for the period from November 24, 2010, through May 18, 2011. [Record No. 1] Essentially, Barker seeks prior custody credit from the date that his parole was approved by the Parole Board, rather than the date that his parole was effective.

However, the respondent argues that Barker did not begin to serve his federal sentence until Kentucky officially relinquished jurisdiction over him (May 19, 2011). [Record No. 8 at p. 5-7] The respondent has also attached a copy of Barker's "External Movements Report" prepared by the Kentucky Department of Corrections ("KDOC"). This report states that Barker was confined in the Grayson County Jail until he was paroled on May 19, 2011. [R. 8-1 at p. 9] The respondent also attaches Barker's "Resident Record Card" prepared by the KDOC, indicating that Barker was awarded meritorious good time credit against his Kentucky sentence through at least April 30, 2011. [Record No. 8-1 at p. 16-17]

**III.**

Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is determined 18 U.S.C. § 3585. This statutory section provides:

> (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

Notwithstanding the Parole Board's approval of Barker's parole on November 23, 2011, his parole certificate clearly states that parole is not effective until on or after May 18, 2011. [Record No. 8-1 at p. 10] Moreover, the Kentucky Parole Board Policies and Procedures provide that, "[i]f the Board makes a parole recommendation . . . [p]arole shall not become effective until the home placements are approved, the parole certificate is signed, and the inmate leaves the institution." Kentucky Parole Board Policies and Procedures 10-01, Parole Release Hearings O(2), available at https://justice.ky.gov/Pages/Statutes-and-Regulations.aspx. Barker did not sign his parole certificate until May 19, 2011; therefore, his parole was not effective until that date.

Although Barker faults state authorities for failing to timely provide him with his parole papers to sign, he does not dispute that he continued to receive credit on his state sentence until the effective date of his parole. [Record No. 8-1 at p. 9, 16-17] And because Barker's time in custody from November 24, 2010, through May 18, 2011, was credited against his state sentence, section 3585(b) plainly forbids counting it a second time against his federal sentence. *United States v. Wilson*, 503 U.S. 329, 337 (1992) (". . . Congress made clear that a defendant could not receive a double credit for his detention time."). *See also Huffman v. Perez*, No. 99-6700, 2000 WL 1478368 (6th Cir. Sept. 27, 2000); *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003).

Moreover, Kentucky authorities retained primary jurisdiction over Barker until he was relinquished to federal custody. "A consecutive [federal] sentence imposed on a defendant already in state custody . . . cannot commence until the state authorities relinquish the prisoner on satisfaction of the state obligation." *Jones v. Eichenlaub*, No. 08-CV-13624, 2010 WL 2670920, at *2 (E.D. Mich. 2010)) (*citing Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir. 1992)). Barker's transfer into federal custody for purposes of his federal court proceedings did not cause Kentucky to lose its priority of jurisdiction. A state surrenders its primary jurisdiction only through acts clearly reflecting its intention to do so by: (1) dismissing its charges against the defendant; (2) releasing him on bail; (3) paroling his sentence; or (4) through the natural expiration of his sentence. Cf. *Elwell v. Fisher*, 716 F.3d 477, 481-82 (8th Cir. 2013); *Berry v. Sullivan*, No. 07-5965(JAP), 2007 WL 4570315, at *3 (D.N.J. 2007). For that reason, a temporary transfer of a state prisoner into federal custody through a writ of habeas corpus *ad prosequendum* will not subordinate the state's primary jurisdiction. *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000) ("[A] prisoner detained pursuant to a writ of habeas

corpus *ad prosequendum* remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner.") (superseded on other grounds by statute as recognized in *United States v. Saintville*, 218 F.3d 246 (3d Cir. 2000)).

Barker argues that, because the writ of habeas corpus *ad prosequendum* issued on November 17, 2010, by the federal court was returned as unexecuted, the state had relinquished jurisdiction over him. On November 24, 2010, the writ was returned unexecuted, with a handwritten note stating: "Return unexecuted Made parole [and] arrested on 11/23/2010 by ATF." *United States v. Barker*, No. 3:10-cr-140-TBR-1 (W.D. Ky. 2010) at Record No. 11. But despite this note on the returned writ, the fact remains that Barker's parole was not yet effective in November 2010 and Barker was continuing to receive credit against his state sentence at that time.

The fact that Barker may have been taken into federal custody pursuant to a warrant rather than a writ makes no difference. The KDOC's "External Movements" report for Barker shows that the state permitted the transfer of Barker to the custody of the United States Marshal Service *only for purposes a court appearance* on November 24, 2010 at 10:00 A.M. [Record 8-1 at p. 9] The report gives no indication that this transfer represented an intent to relinquish jurisdiction over him. Rather, this report is evidence that Barker remained in custody at the Grayson County, Kentucky jail until he was paroled on May 19, 2011. [*Id*.] Thus, these circumstances establish Kentucky's intent to retain its jurisdiction, and not to waive it.

IV.

Because Barker continued to receive credit against his state sentence for his time in custody from November 24, 2010, through May 18, 2011, and because the Commonwealth of Kentucky did not relinquish its jurisdiction over Barker until May 19, 2011 (*i.e.*, the date that

his parole was effective), the BOP has properly denied Barker's request for additional custody credits under Section 3585(b). Accordingly, it is hereby

**ORDERED** as follows:

1. Barker's petition [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated: August 29, 2018.

Signed By:
*Danny C. Reeves*
United States District Judge